ZAMBETTI et al. v. GARTON.

(Supreme Court, Appellate Term.   December 24, 1908.)

1. JUDGES (§ 46*)—DISQUALIFICATION TO ACT—RELATIONSHIP.

Code Civ. Proc. § 46, providing that a judge shall not sit in a case in which he is related by affinity to any party to the controversy within the sixth degree, does not disqualify a judge because he and plaintiffs' attorney married sisters.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 213; Dec. Dig. § 46.*]

2. COURTS (§ 190*)—APPEAL AND ERROR—DIRECTING NEW TRIAL.

Though the judge was not as matter of law disqualified because he and plaintiffs' attorney married sisters, yet, the evidence showing that a doubt may well be said to exist as to which party sustained the burden of proof, the Appellate Term will exercise its right under Municipal Court Act (Laws 1902, p. 1583, c. 580) § 326, to direct a retrial of the issues, to avoid any suspicions of the relationship unduly influencing the determination of the case.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Frank Zambetti and others against Richard S. Garton. From a judgment for plaintiffs after a trial without a jury, defendant appeals.   Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Ketchum & Marcus, for appellant.
Arthur H. Wadick, for respondents.

GIEGERICH, J.   The defendant was the owner of, and engaged in building upon, certain premises, and had let the contract therefor to a firm known as Rose Bros., who sublet a portion of the work to the plaintiffs.   Rose Bros. defaulted in the work and abandoned their contract, leaving a part of the work undone.   The part left undone the plaintiffs were to do, and to receive therefor the sum of $250, which was the balance claimed to be due under their contract with Rose Bros.   The plaintiffs' claim is that after Rose Bros. had abandoned the contract the defendant told them to "go ahead and finish up the work and you will get your pay"; that he also wrote the plaintiffs a letter to that effect; that they completed the work at defendant's request, and also did extra work of the value of $59. The case came up for trial before the court without a jury; none having been demanded upon the joinder of issue.   The defendant's counsel asked to have the case sent to another justice for trial, upon the ground that the trial justice and the plaintiffs' counsel were brothers-in-law;   they having married sisters.   Defendant also asked the court to concede that such was the fact.   The trial justice declined, apparently with some heat, to make such a concession, and declared that he was not on trial, nor subject to cross-examination, and announced his intention to proceed with the trial, which he did, after having admitted, however, that he married the sister of the wife of plaintiffs' counsel.

The appellant urges that the relationship thus existing between the plaintiffs' counsel and the court disqualified the justice from sitting in the case, within the provisions of section 46 of the Code of Civil Procedure. With this contention, as a matter of law, we do not agree; but under the circumstances we are of opinion that the ends of justice will best be attained by ordering a new trial. The case presented purely a question of fact, upon which there was a serious and close conflict of testimony. At the beginning of·a trial the scales of justice must balance evenly, and at its conclusion, if there is a doubt as to which party has sustained the burden of proof, that doubt must be resolved in favor of the defendant. A careful examination of the testimony shows that such a doubt may well be said to exist, and while it is the prerogative of a trial court to determine, not only from the words, but as well from the demeanor and manner, of witnesses in giving their testimony, with whom the truth· lies, nevertheless, lest a suspicion might arise that the relation between the trial court and the plaintiffs' attorney had unduly influenced the court in determining the case, we deem it advisable to exercise our right under section 326 of the Municipal Court act (Laws 1902, p. 1583, c. 580) and direct that the issues be retried.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.